JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

IN RE:  ALICIA MARIE RICHARDS,

     Debtor.

Case No. 8:22-cv-01813-SB
Case No. 8:22-cv-01954-SB
Case No. 8:22-cv-01855-SB
Case No. 8:22-cv-01858-SB
Case No. 8:22-cv-01937-SB

DISMISSAL ORDER

     These cases are appeals of bankruptcy court orders in the ongoing bankruptcy case of Debtor Alicia Marie Richards.  Debtor is joined as Appellant in some of these cases by her father, Lawrence Remsen.  In light of the overlapping issues raised in four of the cases, the Court ordered Debtor and Remsen to file one joint brief addressing their arguments for these four cases:  Case No. 8:22-cv-01813-SB, Case No. 8:22-cv-01954-SB, Case No. 8:22-cv-01855-SB, Case No. 8:22-cv-01858-SB.  The Court ordered a separate briefing schedule in Case No. 8:22-cv-01937-SB.

     After the bankruptcy court held Debtor in civil contempt and placed her in the custody of the U.S. Marshals Service, Debtor moved for an indefinite stay of the briefing schedules.  The Court granted Debtor a limited extension but not an indefinite stay, noting that detained or incarcerated litigants frequently timely file documents and that Debtor "ha[d] not provided sufficient information or evidence demonstrating that she [was] powerless to make progress in these cases."  Case No. 8:22-cv-01813-SB, Dkt. No. 26; Case No. 8:22-cv-01954-SB, Dkt. No. 20; Case No. 8:22-cv-01855-SB, Dkt. No. 17; Case No. 8:22-cv-01858-SB, Dkt. No. 21; Case No. 8:22-cv-01937-SB, Dkt. No. 23.  The Court ordered opening briefs (the joint brief in the four cases identified above and a further brief in Case No. 8:22-cv-01937-SB) to be filed no later than March 17, 2023 and warned that failure to meet this deadline would likely result in dismissal of these cases for lack of prosecution.  Debtor and Remsen have not filed opening briefs or provided any reasonable excuse for failing to meet the extended deadline.  Rather, Debtor filed a

status report suggesting that she requires "the record on appeal" and needs the Chapter 7 Trustee to share it before she can proceed without explaining what documents she requires or why she is unable to access them. Case No. 8:22-cv-01813-SB, Dkt. No. 30; Case No. 8:22-cv-01954-SB, Dkt. No. 22; Case No. 8:22-cv-01855-SB, Dkt. No. 22; Case No. 8:22-cv-01858-SB, Dkt. No. 23.

A district court may dismiss a bankruptcy appeal on its own motion "[i]f an appellant fails to file a brief on time or within [the] time authorized by the district court" after notice has been given. Fed. R. Bankr. P. 8018(a)(4). A court considers several factors in determining whether to dismiss for failure to prosecute or comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also Moore v. PHH Mortg. Corp.*, No. 20-35877, 2021 WL 6103114, at *1 (9th Cir. Dec. 22, 2021) (affirming dismissal of a bankruptcy appeal for failure to file an opening brief by the district court's deadline); *In re Flowers*, 716 Fed. App'x 657, 657–58 (9th Cir. 2018) (same); *In re Zavala*, 699 Fed. App'x 751 (9th Cir. 2017) (same).

These factors, on balance, favor dismissal. The Court begins by noting that Debtor has engaged in a litigation campaign arising from her divorce from her ex-husband that appears to be designed to thwart the orderly disposition of her bankruptcy proceeding. Several months ago, the bankruptcy judge described the state of the litigation as follows:

> Since [Debtor's divorce case] commenced in 2015, and throughout the proceedings of this Bankruptcy Case, Debtor has continued to delay and forestall implementation of orders of the state and federal courts through an almost unprecedented exercise of frivolous motions, frivolous appeals, unsuccessful stay requests, and particularly, the coordination of six (6) actions to remove her state divorce proceeding to various federal courts simply because she does not like the factual and legal outcomes in that forum. During the present hearing, the Court observed that Debtor has undertaken a course of action that has eliminated an initial prospective recovery to her of over $800,000 prior to the filing of her voluntary bankruptcy to a prospective recovery of nil post-bankruptcy-filing, after all creditors and administrative claim holders have been compensated. This is a tragedy of breathtaking proportions, adversely affecting Debtor, her

2

children, her mother, her ex-husband and his family, and the Federal
Judiciary which has been required to address over 1,000 bankruptcy
docket entries over a less than two-year period, including 29 appeals
to District Courts, the Bankruptcy Appellate Panel, and the Ninth
Circuit Court of Appeals, with no end in sight.

Case No. 8:23-cv-00199-SB, Dkt. No. 1 at 39–40 of 73.

Since the bankruptcy judge's observation, progress in Debtor's cases has
only slowed.  Through her actions, Debtor appears determined to delay the
ultimate resolution of her cases as much as possible.  The Court noted above
Debtor's request for an indefinite stay of her briefing obligations in light of her
detention for contempt.  In one of the numerous appeals pending before this Court,
Debtor stipulated to extend the briefing schedule (which became moot when the
Court ordered the joint brief to be filed).  Case No. 8:22-cv-01954-SB, Dkt. No.
17.  Debtor has filed a request to separate the briefing in Case No. 8:22-cv-01855-
SB from the joint brief and to stay that case pending the Ninth Circuit's rulings on
two of Debtor's other appeals.  Case No. 8:22-cv-01855-SB, Dkt. No. 19.[1]  The
Court ordered a separate joint brief for three other appeals (Case. Nos. 8:22-cv-
02182-SB, 8:22-cv-02183-SB, and 8:22-cv-01951-SB); Debtor has also requested
an extra month to file her opening brief in those appeals.  Case. No. 8:22-cv-
02182-SB, Dkt. No. 17; Case No. 8:22-cv-01951-SB, Dkt. No. 25.  On her
deadline to file an opening brief in Case No. 8:22-cv-00199-SB, Debtor filed a
motion to consolidate that case with another of her appeals, which included a

---

[1] The Chapter 7 Trustee opposes Debtor's request.  Case No. 8:22-cv-01855-SB,
Dkt. No. 20.  Case No. 8:22-cv-01855-SB is an appeal of the bankruptcy court's
judgment denying Debtor discharge (among other bankruptcy court rulings).  The
cases before the Ninth Circuit are appeals of this Court's rulings (1) denying
Debtor leave to appeal the bankruptcy court's order extending the time for the
Chapter 7 trustee to object to discharge and (2) affirming the bankruptcy court's
first civil contempt order.  Case Nos. 8:22-cv-00329-SB, 8:22-cv-00330-SB.
Debtor's request is untimely and Debtor does not explain why the issues raised by
her appeal of her discharge denial in Case No. 8:22-cv-01855-SB are related to the
issues pending before the Ninth Circuit.  Accordingly, Debtor's request is
DENIED.

request for additional time to file a brief in the consolidated case.  Case No. 8:23-cv-00199-SB, Dkt. No. 25.[2]

Debtor filed a status report in one of her appeals with an exhibit attached that proposes a briefing schedule in her various cases before the state family court, this Court, the Bankruptcy Appellate Panel, and the Ninth Circuit.  Case No. 8:22-cv-01951-SB, Dkt. No. 23 at 4 of 6.  The schedule Debtor proposes would result in her opening brief in some of the cases she has before this Court being filed as late as a year from now.  An appellant ordinarily receives 30 days from the docketing of a notice that the bankruptcy record has been transmitted to the district court to file an opening brief.  Fed. R. Bankr. P. 8018(a)(1).  Debtor has received substantially more time than usual in all of her cases, yet has not filed briefs in any of them.  As to these five cases, the notices of record completion were entered during the first week of December 2022.  Five months later, there is no indication that Debtor has made any progress whatsoever in preparing her briefs.

Debtor appears to be acting as if she had obtained the indefinite stay of her briefing obligations the Court denied.  She asserts that she is in solitary confinement, has limited access to the law library, has limited access to supplies, and requires "the written and oral record" before she can make progress.  Case No. 8:22-cv-01813-SB, Dkt. No. 30; Case No. 8:22-cv-01954-SB, Dkt. No. 22; Case No. 8:22-cv-01855-SB, Dkt. No. 22; Case No. 8:22-cv-01858-SB, Dkt. No. 23.  Of course, if Debtor were truly unable to prepare her briefs, the Court would allow her more time.  Yet she offers insufficient detail about the conditions of her confinement that justify a conclusion that she is unable to prepare filings.  The record, moreover, does not support her claim of inability.  Indeed, Debtor has filed many documents—in just the cases before this Court—since she was remanded into custody on January 19, 2023, including:

- A notice of appeal of the bankruptcy court's civil contempt order, which included an emergency motion to stay the order (Case No. 8:23-cv-00199-SB, Dkt. No. 1);

- A document styled "Supplemental P+A's to Emergency Motion to Stay Order of Contempt of Incarceration Pending Appeal" (Case No. 8:23-cv-

---

[2] The Court will address Debtor's pending consolidation and continuance requests separately.

4

00199-SB, Dkt. No. 14);

- A motion for an indefinite stay of her briefing obligations (Case No. 8:22-cv-01937-SB, Dkt. No. 19);

- A motion to separate the briefing in Case No. 8:22-cv-01855-SB from the other cases in the joint brief and to stay that case (Case No. 8:22-cv-01855-SB, Dkt. No. 19);

- A reply to the Trustee's opposition to Debtor's motion (Case No. 8:22-cv-01855-SB, Dkt. No. 23);

- A motion for reconsideration (Case No. 8:23-cv-00199-SB, Dkt. No. 22);

- A second motion for reconsideration (Case No. 8:23-cv-00199-SB, Dkt. No. 24);

- A motion to consolidate Case Nos. 8:23-cv-00199-SB and 8:22-cv-02183-SB (Case No. 8:23-cv-00199-SB, Dkt. No. 25);

- A status report (*E.g.*, Case No. 8:22-cv-01813-SB, Dkt. No. 30);

- Another status report (Case No. 8:22-cv-01951-SB, Dkt. No. 23);

- A third status report (Case No. 8:22-cv-02182-SB, Dkt. No. 16);

- A request for additional time to file her joint brief in Case Nos. 8:22-cv-02182-SB, 8:22-cv-02183-SB, and 8:22-cv-01951-SB (*E.g.*, Case No. 8:22-cv-01951-SB, Dkt. No. 25);

- Another extension request (Case No. 8:22-cv-02197-SB, Dkt. No. 9);

- A response to a deficiency notice (Case No. 8:22-cv-02183-SB, Dkt. No. 18); and

- Change of address notices in almost all of her cases before this Court (Case No. 8:22-cv-01813-SB, Dkt. No. 29; Case No. 8:22-cv-01954-SB, Dkt. No. 21; Case No. 8:22-cv-01855-SB, Dkt. No. 18; Case No. 8:22-cv-01858-SB, Dkt. No. 22; Case No. 8:22-cv-01937-SB, Dkt. No. 24;

Case No. 8:22-cv-01951-SB, Dkt. No. 22; Case No. 8:22-cv-02183-SB, Dkt. No. 14; Case No. 8:22-cv-02182-SB, Dkt. No. 14; Case No. 8:22-cv-02197-SB, Dkt. No. 9).

Some of these filings are lengthy and contain citations to legal authority, undermining Debtor's claim that her access to resources is too limited to prepare her briefs.  Further, Debtor's assertion that she requires "the written and oral record" is insufficient:  it does not identify what documents she requires, provide any facts supporting her inability to obtain them, indicate when she expects to be able to obtain them, or explain why the attorney representing her in the bankruptcy court or any other person is unable to help her obtain them.

As the Court previously noted, "[d]etained or incarcerated litigants frequently draft, research, and timely file documents." *See, e.g.*, Case No. 8:22-cv-01813-SB, Dkt. No. 26.  With her many filings, Debtor has demonstrated her ability to do so here.  The failure to file her opening briefs in these cases thus cannot be excused by her detention.  It is apparent that she is making decisions about what and when to file; and the decision not to comply with the extended briefing schedule is willful, reflecting her disinterest in reaching a timely resolution in these cases.  Moreover, while the Court appreciates the difficulties imposed by detention (and granted an extension in recognition of these circumstances), it cannot wholly overlook that Debtor holds the keys to her own release.

Applying the factors identified above, the Court finds that dismissal is appropriate.  The public interest in the expedition resolution of litigation and the Court's need to manage its docket weigh strongly in favor of this finding.  Debtor's failure to file opening briefs has thwarted the progress of these cases, substantially delaying the appeals and the ultimate resolution of the underlying bankruptcy case.  If the Court is to manage its docket reasonably and efficiently, it cannot continue to countenance the delays here.  Efficiently managing Debtor's numerous appeals in a busy district is challenging enough.  Her frequent requests across her many appeals to continue, alter, or stay the briefing schedule—often improperly made at the last minute or after her deadlines have passed—have made a difficult task nearly impossible.[3]  Her failure to timely file briefs is a clear violation of the Court's

---

[3] For example, Debtor's motion to separate the briefing in Case No. 8:22-cv-01855-SB from the other cases in the joint brief and to stay that case is dated March 19, 2023—two days after the deadline to file her brief in that case.  Case No. 8:22-cv-01855-SB, Dkt. No. 19.  Debtor's motion to consolidate Case Nos.

orders, including the Court's orders setting briefing schedules in these cases and its Standing Order for Civil Cases. *E.g.* Case No. 8:22-cv-02183-SB, Dkt. No. 6 ¶ 9(c) ("An application or stipulation does not serve to toll, or relieve a party of, an underlying obligation (e.g., a soon-to-expire deadline) . . . a last-minute application or stipulation that is denied may result in a party's defaulting on the underlying obligation."). For four of these cases, Debtor has not even requested a continuance and instead has simply ignored the opening brief deadline. Case Nos. 8:22-cv-01813-SB, 8:22-cv-01954-SB, 8:22-cv-01858-SB, 8:22-cv-01937-SB. Nor does the Court believe that any less drastic alternative to dismissal is reasonably feasible. When granting the prior extension in these cases, the Court expressly warned Debtor about the consequences of failing to timely file the opening briefs. *See, e.g.*, Case No. 8:22-cv-01813-SB, Dkt. No. 26 ("Debtor is advised that failure to Debtor is advised that failure to adhere to these deadlines will likely result in dismissal of these cases for lack of prosecution."). Yet, she still has not the filed the briefs that were due more than 45 days ago. The Court has no confidence that giving Debtor additional time will result in anything other than her requesting more time at some point down this seemingly endless road.

The Court also finds that the risk of prejudice caused by Debtor's delays favors dismissal. Three of the cases before the Court challenge the bankruptcy court's adjudications of creditors' claims. Delaying the ultimate resolution of these cases therefore makes the Trustee unable "to settle [Debtor's] estate," which has already been in bankruptcy for more than two years. *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming a finding of actual prejudice where the lack of prosecution prevented the bankruptcy trustee from being able to settle the bankruptcy estate). As for the policy favoring disposition on the merits, "it is the responsibility of the [appellant] to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Id*. (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). The Court cannot resolve these cases on their merits without Debtor's opening briefs, and Debtor's conduct has unreasonably delayed the resolution of these cases. Accordingly, the policy favoring disposition on the merits does not alter the Court's determination that dismissal is appropriate.

---

8:23-cv-00199-SB and 8:22-cv-02183-SB is postmarked April 6, 2023—the day her opening brief in Case No. 8:23-cv-00199-SB was due. Case No. 8:23-cv-00199-SB, Dkt. No. 25. She has continued to proceed as if her requests to continue, alter, or stay the briefing schedule toll her briefing deadlines despite being advised otherwise. *E.g.* Case No. 8:22-cv-02183-SB, Dkt. No. 6 ¶ 9(c).

In conclusion, the Court previously warned Debtor that failure to timely file her opening briefs would result in dismissal of her cases.  Case No. 8:22-cv-01813-SB, Dkt. No. 26; Case No. 8:22-cv-01954-SB, Dkt. No. 20; Case No. 8:22-cv-01855-SB, Dkt. No. 17; Case No. 8:22-cv-01858-SB, Dkt. No. 21; Case No. 8:22-cv-01937-SB, Dkt. No. 23.  Debtor has not filed her briefs, despite the Court allowing her substantial additional time.  For the reasons discussed above, these cases are DISMISSED.  Fed. R. Bankr. P. 8018(a)(4).

IT IS SO ORDERED.

Date: May 4, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge